FRANK MICHAUD, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

80 N. W. 2d 888

Filed February 1, 1957. No. 34090.

*Leamer & Graham,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer G. Hamilton,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff in error, Frank Michaud, hereinafter referred to as defendant, was arrested for violation of the Nebraska Itinerant Merchant Act. He was convicted in the county court of Cuming County and fined $25 and costs. Appeal was taken to the district court for Cuming County. The defendant waived a jury and trial was had to the court. He was convicted and fined $25 and costs. The case is here by petition in error.

The parts of the Itinerant Merchant Act relevant to a determination of this case are as follows:

Section 60-703, R. S. Supp., 1955, provides in part: "As used in sections 60-701 to 60-717, unless the context otherwise requires: (1) Itinerant merchant shall mean every person, firm, partnership, corporation, association, receiver, or trustee buying for the purpose of sale in any form or selling or offering to buy for the purpose of sale in any form or to sell in this state, at wholesale or retail, any goods, wares, merchandise, or chattels of any description and transporting the same by the use, upon any public highway, of a motor truck or trucks or any other vehicle or vehicles, except as herein otherwise provided. * * * (2) Itinerant merchant shall not mean or include, and there shall be exempt from the provisions of sections 60-701 to 60-717 * * * (b) those transporting products or property when such transportation is incident to a business conducted by them at an established place of business operated by them either within or without this state, and when the property is being transported to and from the established place of business, and when the entire course of such transporta-

tion extends not more than two hundred fifty miles from the established place of business; Provided, that when the entire course of the transportation is for the purpose of delivery of the property subsequent to sale thereof, the two hundred fifty miles restriction shall not apply; * * *."

Section 60-704, R. R. S. 1943, provides: " 'Established place of business' shall mean any permanent warehouse, building or structure, either owned in fee or leased, at which a legitimate permanent business is carried on as such in good faith and not for the purpose of evading this act, and at which stocks of the property being transported are produced, stored or kept in quantities reasonably adequate and usually carried for the requirements of such business, and shall not mean tents, temporary stands, or other temporary quarters, nor permanent quarters occupied pursuant to any temporary arrangement."

The first question necessary to determine is whether or not the defendant is an itinerant merchant within the meaning of the Nebraska Itinerant Merchant Act. If the defendant is not within the terms of the act, the other question presented, relating to the constitutionality of the act, need not be determined.

The record discloses that Frank Michaud, the defendant, is a truck grain dealer and has been in business for the past 8 years. He is a member of a partnership with two of his brothers. His father owned and operated the business for 46 years. The place of business is Jefferson, South Dakota. The facilities of the business consist of a large warehouse building used for storage, a machine shop equipped for engine work and truck repair, an underground gas system and pump, 4 trailers, 1 straight truck, and 5 trailer trucks, also a pickup truck, all licensed in South Dakota and used in Nebraska. The defendant, during the winter, buys and stores about 40,000 bushels of corn at various locations in Minnesota and South Dakota. He stores no corn at the place

of business. He testified that no grain is required to be stored at the place of business to be reasonably adequate to conduct the business.

Robert Beckman, manager of the Farmers' Elevator at Beemer, Nebraska, testified that he had purchased grain from the defendant for approximately 3 years, the purchases being made practically every week. On or about March 30, 1956, the defendant called him by telephone and inquired whether or not he wanted some corn. He did, and the parties agreed upon the price of the corn and the quantity. The quality was pretty well understood, that the corn would be No. 2 yellow corn. In the event the corn was inferior in quality, an adjustment would be made or the corn rejected. The amount of the purchase was paid by check each week. Beckman further testified that at the conclusion of the telephone conversation he had made his purchase of corn and was obligated to pay for the corn contracted for, and the defendant was obligated to make delivery of the corn. In the event the price of corn should increase or decrease during the interim between the purchase and delivery of the corn, such fact would not affect the price agreed upon at the time of the purchase over the telephone. Beckman further testified that he considered the defendant a reliable businessman, and not a peddler. He stated that a peddler is "A man, * * * who works the highway with a load of corn, stopping at every elevator and now and then an occasional farmer, trying to sell it."

The record shows that Jefferson, South Dakota, apparently is within 250 miles of Beemer, Nebraska.

The object of the legislation is to protect the public against fraud which might be practiced by the sale of inferior grades of certain merchandise or by dishonest weights and measures, also to insure payment for products purchased by itinerants. This type of legislation involves the exercise of the police power.

The record shows that the defendant is the owner

of the corn before he sells it; and before any corn is transported on Nebraska highways it has been purchased by an agreement over the telephone between Beckman and the defendant, wherein the price is agreed upon as well as the quantity. The defendant did not come into this state and attempt to solicit a sale of the corn or to find a buyer. As shown by the evidence, there is no buying, selling, or offering to buy in this state, as contemplated by the act.

The statute clearly recognizes that there may be a delivery after the sale has been made. Subdivision (b) of subsection (2) of section 60-703, R. S. Supp., 1955, as above set out, reads in part as follows: "Provided, that when the entire course of the transportation is for the purpose of delivery of the property subsequent to sale thereof, the two hundred fifty miles restriction shall not apply; * * *."

The State contends that there is no sale of corn until delivery is completed. The evidence shows that this is not the interpretation placed upon the contract by Beckman, the elevator manager, or the defendant. The delivery of the corn constituted a part of the carrying out of the contract which had already been consummated, and nothing more. It is apparent from the record that the contract for the sale of the corn was made in South Dakota. In the instant case the action of the State was an interference with the fulfillment of a contract which the parties had a right to make and did make.

We conclude that the defendant is not an itinerant merchant within the contemplation of the Nebraska Itinerant Merchant Act.

With reference to section 60-704, R. R. S. 1943, heretofore set out, it defines an established place of business under the act. This section would only be involved in this case in the event the defendant came within the act as an itinerant merchant. Under our holding, it becomes unnecessary to determine whether or not this section of the statute is constitutional.

The judgment of the district court should be and is hereby reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.

CHAPPELL, J., participating on briefs.